```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ANTHONY COOPER,

                          Plaintiff,
                                                10-CV-6575
               v.
                                                DECISION
THE SUTHERLAND GROUP, LTD., SUTHERLAND          and ORDER
GLOBAL SERVICES, JIM BURDETT, MIKE LEONE,
and JULIE FOLKINS, Individually and in their
official capacities,
                          Defendants.
_____
```

## INTRODUCTION

Plaintiff Anthony Cooper ("Cooper"), proceeding pro se brings this action pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000(e) et seq.; the Age Discrimination in Employment Act (the "ADEA"); 42 U.S.C. § 1981; and the New York State Human Rights Law against defendants the Sutherland Group, Ltd., ("Sutherland Group"), Sutherland Global Services, Jim Burdett, Mike Leone, and Julie Folkins, claiming that the defendants discriminated against him on the basis of his race and age. Cooper, who is African-American, alleges that he and other black employees were treated less favorably than white employees with respect to disciplinary actions, promotions, raises, conditions and terms of employment, and terminations of employment. He claims that black employees were laid-off prior to white employees being laid off; only white employees received promotions to management; and that sales figures of white employees were routinely manipulated to be more favorable to those employees,

whereas sales statistics for black employees were manipulated to reflect poorly on black employees. Plaintiff alleges that he was denied pay raises, promotions, and bonuses while employed due to his race and/or age, and that he was fired from his employment because of his race and/or age.

Defendants deny plaintiff's claim, and move to dismiss portions of the plaintiff's complaint. Specifically, the defendants move to dismiss plaintiff's age discrimination claims, and harassment and retaliation claims under Title VII on grounds that Cooper has failed to exhaust his administrative remedies with respect to those claims. Defendants further move to dismiss plaintiff's Title VII and ADEA claims against the individual defendants on grounds that individual defendants cannot be held liable under either of those statutes. Finally, the defendants move to dismiss plaintiff's state Human Rights Law claim on grounds that such claims are barred under the election of remedies doctrine. Plaintiff has not filed an opposition to the defendants' motion.

For the reasons set forth below, I grant in-part and deny in-part defendants' motion to dismiss. I grant defendants' motion to dismiss plaintiff's age discrimination claims, all Title VII claims against the individual defendants, and plaintiff's state law claims, but deny defendants' motion to dismiss plaintiff's claims

of harassment and retaliation based on his race against defendants Sutherland Group and Sutherland Global Services.

## BACKGROUND

Plaintiff Anthony Cooper is an African-American male who began his employment with defendant Sutherland Group on January 24, 2000. Although the Complaint is sparse with respect to factual allegations, it appears from the record that the plaintiff was in sales for the defendant. The Complaint and supporting documentation generally alleges that black employees at the Sutherland Group were treated unfairly with respect to the terms and conditions of their employment. Plaintiff alleges that he received less pay than similarly situated white employees, was denied pay raises and promotions, and was ultimately laid off from his employment in February 2009, because of his race. The defendants deny plaintiff's allegations.

## DISCUSSION

I.  <u>Legal Standards Governing a Motion to Dismiss</u>

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." <u>See Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>See Bell Atl. Corp. v.</u>

Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).[1] In addition, "[i]t is well-established that when [a] plaintiff proceeds pro se...a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." See Hemphill v. New York, 380 F.3d 680, 687 (2d Cir.2004) (citation omitted). For purposes of a motion to dismiss, the court will deem the complaint to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir.2000).

II.  Plaintiff's ADEA claims

The ADEA provides that prior to bringing an action in federal court for age discrimination, a plaintiff must first file administrative charges against the parties that allegedly discriminated against him. 29 U.S.C. § 626(d). A district court lacks jurisdiction over claims which were not made in an administrative complaint or which are not reasonably related to

---

[1] See also Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974) ("at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'")

allegations made in the administrative complaint. <u>Butts v. City of N.Y. Dept. of Housing</u>, 990 F.2d 963 (2nd Cir. 1984). A claim made in a federal action is considered reasonably related to a claim made in an administrative action if "the conduct complained of would fall within the 'scope of the [administrative] investigation which can reasonably be expected to grow out of the [administrative] charge . . . .'" <u>Fitzgerald v Henderson</u>, 251 F.3d 345, 359-60 (2nd Cir. 2001)(quoting <u>Cornwell v. Robinson</u>, 23 F.3d 694, 706 (2nd Cir. 1994)).

In the instant case, plaintiff's administrative complaint alleged that he was subjected to racial discrimination (as opposed to age discrimination), and that the defendant has a policy of discriminating against black employees. Cooper, who was proceeding <u>pro</u> <u>se</u> before the EEOC, did not allege, as he does in this action, that he was subjected to age discrimination. Because he did not first bring his age discrimination claims administratively, those claims must be dismissed for failure to exhaust administrative remedies.

Plaintiff's claims of harassment and retaliation, however, could be reasonably related to the racial discrimination claims alleged in his administrative complaint, in that claims of harassment and retaliation could have been uncovered in an administrative investigation of his race discrimination claims. <u>See</u>, <u>Butts</u>, 990 F.2d at 1402-1403 (2nd Cir. 1993). Accordingly, I grant defendants' motion to dismiss plaintiff's claims of age

discrimination with prejudice, but deny defendants' motion to dismiss plaintiff's claims of harassment and retaliation.

### III. Title VII Claims Against Individual Defendants

Plaintiff names as defendants several individuals who work or worked at the Sutherland Group. It is well settled, however, that individuals may not be held liable for damages under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)(holding that individuals are not subject to liability under Title VII). Accordingly, I grant defendants' motion to dismiss plaintiff's Title VII claims against the individual defendants.

### IV. Plaintiff's Human Rights Law Claim

Prior to bringing the instant action, plaintiff filed an administrative complaint of discrimination with the New York State Division of Human Rights ("NYSDHR"). The NYSDHR investigated the plaintiff's complaint, and on January 22, 2010, dismissed the complaint on grounds that there was no evidence to suggest that Cooper had been treated differently based on his race or national origin than any other similarly situated employee.

The New York State Human Rights Law provides that an aggrieved person with a discrimination complaint may pursue that complaint in court proceedings unless the person has filed an administrative complaint of discrimination with a state or local commission on human rights, and the state or local commission has not dismissed the complaint on grounds of administrative convenience, untimeliness, or on grounds that the election of remedies is annulled. N.Y. Exec. Law § 297(9) (McKinney's 2009). In the

instant case, Cooper filed an administrative claim with the NYSDHR, which claim was dismissed on the merits following an investigation. Because the plaintiff chose to proceed administratively with his state law claims, and because the administrative agency reviewing the complaint dismissed the complaint on its merits, the plaintiff may not prosecute those state law claims in this court. See Perry v. ARC, 2010 WL 4721611 (W.D.N.Y. Nov. 22, 2010)(Siragusa, J.)(dismissing plaintiff's human rights law claims where claims had been brought before New York State Division of Human Rights and dismissed on the merits following an investigation). Accordingly, I grant defendants' motion to dismiss plaintiff's state law claims.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss plaintiff's age discrimination claims against all defendants, and Title VII claims against the individual defendants. I further grant defendant's motion to dismiss plaintiff's state law claims. I deny defendants' motion to dismiss plaintiff's Title VII claims of harassment and retaliation based on his race against defendants Sutherland Group and Sutherland Global Services.[2]

**ALL OF THE ABOVE IS SO ORDERED.**

                                            s/Michael A. Telesca
                                              Michael A. Telesca
                                     United States District Judge

DATED:    Rochester, New York
            March 24, 2011

---

[2] The court notes that a previous notice sent to the plaintiff was returned as undeliverable. Pursuant to the Local Rules of this Court, each party is required to maintain his or her current address with the Court. Failure to maintain current contact information with the court can result in the case being dismissed.